Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MUND & FESTER GMBH & CO. KG a/s/o           17 Civ.
CITRICOLA SALTENA SA,

      Plaintiff,                           **COMPLAINT**

    - against -

HAMBURG SUDAMERIKANISCHE
DAMPFSCHIFFAHRTS-GESELLSCHAFT KG,

      Defendant.
-----------------------------------------------------------------X

    Plaintiff, MUND & FESTER GMBH & CO. KG a/s/o CITRICOLA SALTENA SA, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC Line bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading shall be in this jurisdiction.

### PARTIES

    2.    At all material times, MUND & FESTER GMBH & CO KG (hereinafter "M&F" or "Plaintiff") was and is a corporation with an office and place of business located at

Trostbrucke 1, 20457 Hamburg, Germany, and is the subrogated underwriter of the consignment of fresh Mandarins, as more specifically described below.

3. At all material times, Citricola Saltena SA, (hereinafter "Citricola" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 6527 Esteban A Elena, Montevideo, Uruguay and was the owner and/or shipper of the consignment of fresh Mandarins, as more specifically described below.

4. At all material times, defendant, Hamburg Sudamerikanische Dampfschiffahrts Gesellschaft KG. (hereinafter "Defendant" or "Hamburg Sud") was and is a corporation with an office and place of business located at 465 South Street, Morristown, New Jersey 07960 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A CAUSE OF ACTION

6. On or about June 27, 2015, a consignment consisting of 1,300 Cases of fresh Mandarins, laden in container number SUDU 6060520, then being in good order and condition, was delivered to the M/V TABEA and to Hamburg Sud and/or its agents in Paysandu, Uruguay for transportation to Philadelphia, PA, in consideration of an agreed upon freight, pursuant to Hamburg Sud bill of lading number SUDU556701995036.

7. Hamburg Sud contracted to maintain a supply air temperature of 0.0°C within the refrigerated container at all times the container was in the care custody and control of Hamburg Sud.

8. The cargo of fresh Mandarins is subject to a USDA protocol which requires that certain temperatures be maintained during the transit. Hamburg Sud was aware of this USDA protocol and provided equipment to monitor the USDA temperature requirements during the transit. In addition, Hamburg Sud charged an additional fee to provide this USDA protocol service.

9. Thereafter, the aforementioned container was loaded aboard the M/V TABEA and the vessel departed Montevideo, Uruguay, Hamburg Sud bill of lading SUDU556701995036 was issued and the vessel sailed for its intended destination.

10. The container was discharged in the port of Philadelphia on or about July 23, 2015.

11. Thereafter the container was trucked to Lucca Freezer & Cold Storage in Vineland, New Jersey.

12. When the container arrived at Lucca and the cargo inspected, it was determined that Hamburg Sud had failed to maintain proper delivery air temperatures during the transit, and the cargo had failed to pass the USDA cold treatment protocol.

13. Accordingly the fruit was required to undergo and complete a proper cold treatment protocol. The fruit was released by US Customs on or about August 27, 2015.

14. Upon delivery of the cargo to the receiver, and as a result of the foregoing, it was determined that the consignment was not in the same good order and condition as when first received by the defendant, but instead had suffered physical damage while in said defendant's

3

care, custody and control due to the temperature abuse sustained to the cargo and due to the delay in final delivery of the cargo because of the extended cold treatment protocol.

15. The damage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendant and/or its agents.

16. Citricola suffered a loss as a result of the foregoing in the amount of $6,302.06 due to the depreciated value of the cargo.

17. At all times relevant hereto, a contract of insurance for property damage was in effect between Citricola and M&F, which provided coverage for, among other things, loss or damage to the consignment.

18. Pursuant to the aforementioned contract of insurance between Citricola and M&F, monies have been expended on behalf of Citricola to the detriment of M&F due to the damages sustained during transit.

19. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

20. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $7,816.49.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $7,816.49, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      January 23, 2017
      260-207

                                      CASEY & BARNETT, LLC
                                      Attorneys for Plaintiff

By: *Martin F. Casey* (signature)
       Martin F. Casey
       305 Broadway, Ste 1202
       New York, New York 10007
       (212) 286-0225